NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 13 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LEOVITO DE JESUS-VALENTIN,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-1357

Agency No.
A088-659-652

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2024**
Portland, Oregon

Before: GOULD, BYBEE, and BRESS, Circuit Judges.

Leovito DeJesus-Valentin petitions for review of a Board of Immigration

Appeals ("BIA") dismissal of his appeal of an oral decision by an immigration

judge ("IJ"). The IJ denied DeJesus-Valentin's applications for withholding of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal and protection under the Convention Against Torture ("CAT") after finding that DeJesus-Valentin was not credible. The IJ alternatively found DeJesus-Valentin ineligible for relief because: (1) there was no nexus between past or future harms claimed and any protected ground; (2) DeJesus-Valentin had an ability to safely relocate within Mexico; and (3) there was no likelihood of torture of DeJesus-Valentin by the government or by an actor with government acquiescence. The BIA noted the IJ's adverse credibility determination and denied relief based on the IJ's findings about nexus, internal relocation, and likelihood of torture. DeJesus-Valentin challenges the BIA's decision, contending that the BIA violated his due process rights by applying Tenth Circuit, instead of Ninth Circuit, case law. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Where "the BIA agrees with and incorporates specific findings of the IJ while adding its own reasoning, we review both decisions." *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We review *de novo* claims of due process violations. *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010), *as amended*.

The parties agree, and are correct, that the BIA erred in applying Tenth Circuit case law. Venue is proper for petitions for review of deportation orders in "the court of appeals for the judicial circuit in which the immigration judge

completed the proceedings." 8 U.S.C. § 1252(b)(2). "[T]he designated hearing location remains unaffected even if an immigration judge from a different location is conducting the hearing by video conference, or if the records in the case are filed with, and maintained by, an administrative control court in a different city." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 832 (9th Cir. 2022) (alteration in original) (quoting *Jurisdiction and Venue in Removal Proceedings*, 72 Fed. Reg. 14494, 14495 (Mar. 28, 2007)). Venue is proper here in the Ninth Circuit because the hearings took place in either Portland, Oregon, or Boise, Idaho. Although the agency transferred administrative control of the case to Utah, and although the IJ who made the final orders appeared by video conference from Utah, the IJ stated expressly in each hearing over which he presided that the hearings were taking place in Boise. Thus, the BIA erred when, in its analysis of the IJ's alternative reasons to deny relief, it treated Tenth Circuit case law as binding authority and Ninth Circuit case law as persuasive.

However, that error of the BIA did not prejudice DeJesus-Valentin. "To prevail on a due process challenge to deportation proceedings, [a noncitizen] must show error and substantial prejudice." *Grigoryan v. Barr*, 959 F.3d 1233, 1240 (9th Cir. 2020) (quoting *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000)). DeJesus-Valentin contends that there are relevant discrepancies between Ninth and Tenth Circuit case law. First, he contends that the Tenth Circuit does not allow

threats alone to qualify as persecution while the Ninth Circuit does. However, the agency's decision to deny relief did not focus on whether the harms DeJesus-Valentin experienced rise to the level of persecution; rather, the BIA's analysis focused on: (1) the lack of nexus between harms and any protected ground; (2) DeJesus-Valentin's ability to relocate within Mexico; and (3) no showing of a likelihood of torture by the government or by an actor with government acquiescence. Second, DeJesus-Valentin argues that the Tenth Circuit requires a heightened showing for nexus. While the IJ and BIA did analyze nexus, the cases to which DeJesus-Valentin cites do not show a discrepancy between the Ninth and Tenth Circuits. *See, e.g.*, *Dallakoti v. Holder*, 619 F.3d 1264, 1268 (10th Cir. 2010) (explaining the BIA's "one central reason" doctrine); *Madrigal v. Holder*, 716 F.3d 499, 506 (9th Cir. 2013) (same). Both circuits explain that in a mixed-motive case, the protected ground must be "one central reason." And here, the agency made a factual finding that there was only one reason DeJesus-Valentin experienced harm in the past: "the unfortunate circumstance of being the son of an abusive person." DeJesus-Valentin does not identify any discrepancies in circuit case law that are dispositive of his case, so the BIA's error did not prejudice him.

**PETITION DENIED.**